UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. CR 96-442 DOC |
| Plaintiff(s), | ) | |
| | ) | O R D E R DENYING MOTION TO REDUCE SENTENCE |
| v. | ) | |
| KENNETH LUMPKIN, | ) | |
| Defendant(s). | ) | |
| _____ | ) | |

Before the Court is Defendant Kenneth Lumpkin's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2). After considering the moving, opposing, and replying papers, as well as the oral arguments of the parties, the Court hereby DENIES Defendant's Motion.

**I.     BACKGROUND**

On May 20, 1996, a federal grand jury returned a two-count first superseding indictment, charging defendant Kenneth Lumpkin and co-defendant, Keith Ramon Chatman, with violating 21 U.S.C. § 846, conspiracy to possess with intent to distribute cocaine base, and 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2(a), aiding and abetting the possession with intent to distribute

cocaine base.

On July 30, 1996, the Government filed an Information charging Defendant Lumpkin with having a prior felony drug conviction pursuant to 21 U.S.C. § 851. Trial began on August 6, 1996, and on August 12, 1996, the jury returned verdicts finding Lumpkin and his co-defendant guilty on both counts. On August 19, 1996, Lumpkin filed a motion for a new trial, and on September 9, 1996, presiding trial court judge, the Honorable Dickran M. Tevrizian, denied the motion.

On December 30, 1996, Tevrizian sentenced Lumpkin to 240 months incarceration on each count of conviction, to run concurrently. The probation office had prepared a Pre-Sentence Report ("PSR") that computed a guideline offense level of 36 under United States Sentencing Guidelines ("USSG") § 2D1.1 based on 1021 grams of cocaine base and a criminal history category of I. The resulting guideline sentencing range was 188 to 235 months. However, the probation office concluded that the court was required to impose a statutory mandatory minimum sentence of 240 months, based on a mandatory minimum sentencing provision for over 50 grams of cocaine base in 21 U.S.C. § 841(a)(1) combined with a 21 U.S.C. § 851 enhancement for a prior felony narcotics conviction. Judge Tevrizian imposed the statutory mandatory minimum, explaining that "his hands [were] tied."

While the quantity of drugs was alleged in the indictment, the jury did not find that the quantity was proved. The jury only had to find a "measurable amount" of cocaine, for which the statutory penalty is fixed at zero to five years. The quantity of 1021 grams found in order to impose the statutory mandatory minimum was found by Judge Tevrizian at sentencing based on the representation in the indictment as to amount.

After the imposition of his sentence, Lumpkin appealed his conviction to the Ninth Circuit. The Ninth Circuit affirmed his conviction in an unpublished memorandum decision on August 20, 1998. Defendant then filed a motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255. Judge Tevrizian denied the motion on July 25, 2000, and the Ninth Circuit denied Defendant's second appeal on August 15, 2002, in an unpublished memorandum decision.

1    Lumpkin has been in continuous custody since April 27, 1996, or 144 months. As of
2 March 2008, Lumpkin has earned 594 days, or almost 20 months, of good time credit. Lumpkin
3 has had an exemplary record while in prison. Though he was originally designated to a medium
4 security facility, in 2000, he was transferred to a low security prison and then a minimum
5 security prison in 2005. He has taken almost all college classes available to him, and he has
6 learned how to be a barber in order to prepare himself for life outside prison. Further, since
7 2006, Lumpkin has been the executive chairman of a group called "The Outspoken Against
8 Drugs" or "TOAD" program, a group that speaks to at-risk youth in schools, juvenile hall, and
9 the juvenile court system in Kern County about the dangers of drug abuse.

10   Defendant brought the instant motion to reduce his sentence on August 18, 2008,
11 pursuant to 18 U.S.C. § 3582(c)(2) that allows a court to modify a previously imposed sentence
12 as a result of a sentencing range that has subsequently been lowered. Lumpkin bases his motion
13 on the United State Sentencing Commission's November 1, 2007 amendment of § 2D1.1 of the
14 sentencing guidelines and the March 3, 2008 amendment of § 1B1.10 making the November 1,
15 2007 amendment of § 2D1.1 retroactive. This amendment reduces Lumpkin's offense level
16 from 36 to 34. Thus, Lumpkin argues this reduction allows the Court to modify his sentence.
17 Further, Defendant argues that in modifying his sentence, the Court can also apply the
18 requirements of *Apprendi v. New Jersey* mandating that "[o]ther than the fact of a prior
19 conviction, any fact that increases the penalty for a crime beyond the prescribed statutory
20 maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v.*
21 *New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348 (2000). As a result, Defendant argues that under
22 *Apprendi* and its Ninth Circuit progeny, the statutory mandatory minimum does not apply
23 because the jury in his case did not find beyond a reasonable doubt the quantity that enhanced
24 his sentence, and there was no specific allegation or finding of "crack" (as opposed to "cocaine
25 base"). *See U.S. v. Hollis*, 490 F.3d 1149, 1155-6 (9th Cir. 2007).

26   The Government argues that Lumpkin's motion should be summarily denied. The
27 Government contends that the amendment is inapplicable to Lumpkin because he was sentenced
28 to a statutory mandatory minimum penalty rather than pursuant to the sentencing guideline range

that has subsequently been lowered, and therefore his sentence may not be reduced. Further, the Government denies that *Apprendi* can be used to challenge the imposition of the mandatory minimum sentence under Section 3582(c)(2), as such a challenge involves an impermissible retroactive application of *Apprendi*.

## II. ANALYSIS

Generally, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, there is a limited exception allowing district courts to reduce sentences based on subsequent changes in the sentencing guidelines. Under 18 U.S.C. section 3582(c)(2), "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The parties primarily dispute two issues: (1) whether this Court even has jurisdiction to entertain the motion to reduce and (2) if the Court does, whether *Apprendi* can be utilized to challenge the imposition of the statutory mandatory minimum. While the Court is sympathetic to Defendant's plight, under both these inquiries, the Court finds for the Government.

### A. This Court's Jurisdiction and Defendant's Eligibility to Invoke Section 3582(c)(2)

The Government argues that the Court does not even have jurisdiction pursuant to Section 3582(c)(2) because Lumpkin was not ultimately sentenced pursuant to the sentencing range but, instead, was sentenced pursuant to a statutory mandatory minimum. Ninth Circuit case law supports the Government's position.

For example, in *U.S. v. Mullanix*, 99 F.3d 323 (9th Cir. 1996), the Ninth Circuit addressed the district court's authority to invoke Section 3582(c)(2) when a defendant has initially been sentenced to a statutory mandatory minimum. In that case, the defendant was ultimately

1  sentenced to statutory mandatory minimum of 60 months.  *Id*. at 323.  Subsequent to his
2  sentencing, a statute modifying his statutory mandatory minimum was passed.  *Id.*  Then, a
3  retroactive amendment to the sentencing guidelines was passed, and the Defendant sought to
4  invoke Section 3582(c)(2) in order to argue that the district court should be able to apply the
5  statute modifying his statutory mandatory minimum in order to reduce his sentence.  The
6  *Mullanix* court disagreed on two grounds: (1) the *Mullanix* court pointed out that the district
7  court had no authority to invoke Section 3582(c); and (2) the court indicated that the statutory
8  modification to the mandatory minimum could not be applied retroactively.  *Id*. at 324.  In
9  referring to the district court's jurisdiction, the Ninth Circuit stated the following:

> Thus, to invoke the district court's authority to modify his sentence
> under § 3582(c)(2), Mullanix must demonstrate that he was
> sentenced pursuant to a 'sentencing range that has subsequently been
> lowered.'  This he cannot do.  When Mullanix was sentenced, the
> presentence report established a guideline range of fifty-seven to
> seventy-one months.  The district court sentenced Mullanix to the
> statutorily required minimum of sixty months.  Thus, Mullanix was
> not sentenced pursuant to a sentencing range which has subsequently
> been lowered; he was sentenced pursuant to the statutorily required
> minimum.

20  *Id*. at 324.  Thus, as the Government points out, because the instant case involved the imposition
21  of the mandatory minimum, Lumpkin's sentence was not pursuant to a sentencing guideline
22  range that has subsequently been lowered.  As a result, this Court cannot invoke Section
23  3582(c)(2) to reevaluate his sentence.
24       The Government's position is further bolstered by a comment to a policy statement,
25  USSG § 1B1.10, issued by the Sentencing Commission regarding Section 3582(c)(2) and case
26  law in other circuits addressing the issue.  In its policy statement, the Commission has made it
27  clear that section 3582(c)(2) reductions are not permissible when the ultimate sentence imposed
28  was pursuant to a statutory mandatory minimum:

> Eligibility for consideration under 18 U.S.C. 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range.  Accordingly, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2) and is not consistent with this policy statement if: (I) None of the amendments listed in subsection (c) is applicable to the defendant; or (ii) an amendments listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (*e.g., a statutory mandatory minimum term of imprisonment*).

USSG § 1B1.10 comment n.1(A).  (emphasis added).  Thus, the Commission has expressly stated that a defendant in Lumpkin's position is not eligible for consideration under Section 3582(c)(2).  And, a plethora of circuit courts have found that the amendment to the crack cocaine guidelines at issue here does not allow a defendant to invoke Section 3582(c)(2) when the defendant was originally sentenced pursuant to a statutory mandatory minimum.  *See U.S. v. Hook,* Nos. 08-7019, 08-7571, 2009 WL 416979, *1 (4th Cir. February 20, 2009); *U.S. v. Williams*, 551 F.3d 182, 185 (2d Cir. 2009); U.S. v. Poole, 550 F.3d 676, 679 (7th Cir. 2008); *U.S. v. Williams*, 549 F.3d 1337, 1339-42 (11th Cir. 2008) (per curiam); *U.S. v. Ganun*, 547 F.3d 46, 47 (1st Cir. 2008) (per curiam); *U.S. v. Johnson*, 517 F.3d 1020, 1024 (8th Cir. 2008).  Thus, the clear weight of authority demonstrates that Defendant is unable to invoke Section 3582(c)(2) to challenge his sentence.

Defendant argues that the "based on" language should be read broadly due to the procedure for imposing sentences under USSG §§ 1B1.1 and 5B1.1(b).  Under this process, the sentencing guideline range is first determined, and then the mandatory minimum is imposed if it falls above the guideline range.  As a result, because the court initially evaluates the sentencing guideline range and compares it to the mandatory minimum, Defendant contends that the imposed sentence is still "based on" the sentencing range even if the mandatory minimum is

ultimately imposed. Thus, Lumpkin argues he was 'sentenced to a term of imprisonment *based on* a sentencing range that has subsequently been lowered," 18 U.S.C. § 3582(c)(2) (emphasis added), invoking this Court's jurisdiction to reevaluate his sentence. However, Defendant does not cite to any on-point Section 3582(c) case law to support his proposition. Further, Defendant does not adequately distinguish the jurisdictional point in *Mullanix* that appears to find just the opposite. Instead, Defendant argues that *Mullanix* should not apply because it is a pre-*Apprendi* case. However, this distinction does not answer the question of whether Defendant was sentenced "based on" a sentencing range in order to invoke the Court's authority under Section 3582(c). Indeed, Defendant appears unable to demonstrate proper jurisdiction under Section 3582(c) based on the Ninth Circuit *Mullanix* precedent, the Sentencing Commission's policy statement, and persuasive case law in other circuits.

### B. Application of *Apprendi*

Further, even if the Court found that it had jurisdiction to reevaluate Defendant's sentence under Section 3582(c), there is a serious question of whether Defendant's request to reduce his sentence improperly requires this Court to retroactively apply *Apprendi*. Neither party contests that *Apprendi* cannot be applied retroactively. *See U.S. v. Sanchez-Cervantes*, 282 F.3d 664, 665 (9th Cir. 2002); *Cooper-Smith v. Palamateer*, 397 F.3d 1236, 1245 (9th Cir. 2005). Instead, Defendant tries to argue that an application of *Apprendi* pursuant to a Section 3582(c)(2) resentencing is not a retroactive application.

The Ninth Circuit has not addressed whether *Apprendi* claims can be raised in a Section 3582(c)(2) proceedings. Due to this absence of authority, Defendant primarily bases his argument on *Arizona v. Hicks*, 472 F.3d 1167 (9th Cir. 2007). In that case, the Ninth Circuit held that a defendant who was eligible for a reduction to his sentence under a retroactive amendment to the relevant sentencing guideline range was not limited to the two-level reduction. *Id*. at 1170. Instead, the Ninth Circuit found that *U.S. v. Booker's* holding that the sentencing guidelines are advisory applied to the Section 3582(c)(2) proceedings, and therefore, the defendant was entitled to argue for a sentence below the recalculated guideline range, despite the fact that his original guideline sentence was imposed pre-*Booker*. *Id*. at 1169-70. Thus, the

7

1 district court erred when it treated the amended guideline range as mandatory. *Id*. at 1168.

2     In arguing that *Hicks* should allow for an application of *Apprendi* to the instant case, Lumpkin points out that while the Ninth Circuit has ruled that *Booker* is not retroactive, *U.S. v. Cruz*, 423 F.3d 1119, 1121 (9th Cir. 2007), the *Hicks* court still allowed *Booker's* holding that the sentencing guidelines are advisory to be applied in a Section 3582(c)(2) proceedings. Thus, by analogy (and because *Apprendi* is as constitutionally significant as and intimately related to *Booker*), Defendant argues that *Hicks* implies *Apprendi* should also be applied in Section 3582(c)(2) proceedings and that such an application of *Apprendi* is not retroactive.

    However, this Court cannot make such a weighty finding based on an imperfect analogy to *Hicks*. *Hicks* did not even address the eligibility concerns at issue here under Section 3582(c)(2) because Hicks was originally sentenced not to a statutory mandatory minimum but pursuant to a sentencing guideline range that was retroactively amended. Thus, to the extent the Ninth Circuit allowed the application of *Booker's* holding that the guidelines are advisory to apply in a Section 3582(c)(2) proceeding, the *Booker* holding is only being utilized to address a *guideline* sentence. Hicks does not address whether a court should be allowed to entertain non-guideline concerns at a Section 3582(c)(2) proceedings (i.e. *Apprendi* violations) or review a non-guideline sentence (i.e. a statutory mandatory minimum). As a result, the Court does not find it appropriate to rely on *Hicks* for the proposition that *Apprendi* can be utilized in Section 3582(c)(2) without upsetting the rule that *Apprendi* cannot be applied retroactively.

    Further, other circuits that have addressed the issue have found that *Apprendi* claims are not properly made in a Section 3582(c)(2) proceeding. *See U.S v. McBride*, 283 F.3d 612, 616 (3rd Cir. 2002) (holding that an *Apprendi* claim is "independent of and unrelated to any change in the Guidelines," and therefore is outside the scope of a Section 3582(c)(2) proceeding); *U.S. v. Smith*, 241 F.3d 546, 548 (7th Cir. 2001) (holding that defendant's *Apprendi* claim that a jury should have determined quantity of crack cocaine "was a new issue, one not authorized by § 3582(c), for it is unrelated to any change in the Sentencing Guidelines"); *U.S. v. Bacote*, No. 00-1162, 2001 WL 393705, *66 (2d Cir. Apr. 18, 2001) (holding that Section 3852(c) was not the proper vehicle for defendant's *Apprendi* claim because the "*Apprendi* claim does not relate to a

lowering of sentence ranges by the Sentencing Commission").

Thus, the Court concludes that there is no clear authority allowing it to entertain an *Apprendi* claim at a Section 3582(c)(2) proceedings. Instead, it appears as if the Defendant is impermissibly attempting to retroactively apply *Apprendi* to his case. The Court praises Lumpkin for the efforts he has made to rehabilitate himself. However, the law as it stands does not allow this Court to reduce Lumpkin's sentence pursuant to Section 3582(c).

### III. DISPOSITION

For the foregoing reasons, Defendant's motion is hereby DENIED.

IT IS SO ORDERED.

DATED: MARCH 18, 2009

_____
DAVID O. CARTER
United States District Judge

9